UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td></td><td></td></tr>
</table>

GLENN JOHNSON,

                   Plaintiff,

              v.

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, JELANI MILLS, *Shield No. 2293*, SGT. ANIS NIKOCEVIC, *Tax No. 937186*, AND DETECTIVE KEVIN CLARKE, *Tax No. 940012*,

                   Defendants.

No. 18-CV-6256 (RA)

OPINION & ORDER

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED: 5/26/2020**

RONNIE ABRAMS, United States District Judge:

    Plaintiff Glenn Johnson, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Police Department (the "NYPD"), and three NYPD officers, Jelani Mills, Anis Nikocevic, and Kevin Clarke, asserting claims for false arrest, malicious prosecution, and unlawful stop and search in violation of his constitutional rights. Now before the Court is Defendants' motion for summary judgment. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND[1]

    On July 23, 2016, Defendants Mills, Nikocevic, and Clarke pulled Plaintiff's vehicle over

---

[1] The following facts are uncontroverted unless otherwise noted, and are drawn from the parties' submissions in connection with the pending motion, including Defendants' Rule 56.1 Statement, Dkt. 54 ("Defs. 56.1"), Plaintiff's "Notice of Motion," Dkt. 57 ("Pl. Mot."), and Plaintiff's "Motion Opposition Papers," Dkt. 58 ("Pl. Opp'n"). Where facts in Defendants' Rule 56.1 Statement are supported by testimonial or documentary evidence and not denied, or denied only by way of a conclusory statement, without citation to conflicting testimonial or documentary evidence, the Court finds such facts to be true. *See* S.D.N.Y. Local Rule 56. l(c)-(d); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). This rule applies to both *pro se* and counseled litigants. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *see also* Dkt. 53-1 (Defendants' Rule 56.2 Notice sent to Plaintiff); Dkt. 53-2 (Defendants' affidavit of service). In any event, the Court has also conducted its own review of the record before it to make the factual and legal conclusions discussed in this Opinion. *See Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009).

at or around 116th Street and Manhattan Avenue in New York, New York after observing Plaintiff drive through a red light.  Defs. 56.1 ¶ 1.  Plaintiff was driving a 1998 Jeep Cherokee—which he owned—at the time he was pulled over, and was driving alone.  Defs. 56.1 ¶¶ 2-3; Pl. Opp'n at 1. Although Plaintiff claims not to recall the color of the traffic light when he passed through the intersection, he does not dispute that he drove through a red light.  Defs. 56.1 ¶ 4; Pl. Opp'n at 1. Plaintiff also concedes that, at the time Defendants pulled him over, one of the brake lights on his vehicle was inoperable.  Defs. 56.1 ¶ 5; Pl. Opp'n at 1.

According to Defendant Mills, upon stopping Plaintiff's car, he observed a "pipe containing crack cocaine in plain view in [his] vehicle."  Defs. 56.1 ¶ 6.  Based on "his training as a police officer in the identification of drugs and his experience making arrests for drug-related offenses," Defendant Mills concluded that the substance he observed was crack cocaine.  Defs. 56.1 ¶ 7.  After one of the officers "told [Plaintiff] to step[] out of [his] vehicle" following the stop, he did so.  Pl. Opp'n at 1.  Plaintiff asserts that he then showed the officer his driver license and registration, and that the officer "patted [him] down" but did not find anything.  Pl. Opp'n at 1; *see also* Defs. 56.1 ¶ 11 ("Plaintiff alleges . . . that he was pat frisked at the scene of his arrest."). There is no dispute that a search of the vehicle ensued, to which Plaintiff claims he did not consent. *See* Pl. Opp'n at 1.  According to Plaintiff, the officers looked "under the car seats," in the glove compartment, and in the "center console."  Pl. Opp'n at 2.  Defendants subsequently "recovered a pipe with crack cocaine residue" from Plaintiff's car.  Defs. 56.1 ¶ 8.  The Criminal Court Complaint filed in connection with Plaintiff's arrest memorializes the fact that the pipe containing crack cocaine was recovered from the center console of his car.  *See* Kalmbach Decl. Ex. C, Dkt. 55-3.  Plaintiff testified that he does not recall whether there were drugs or a pipe in his car at the time he was pulled over.  Defs. 56.1 ¶ 9.

Plaintiff was arrested for, and subsequently charged with, criminal possession of a controlled substance in the seventh degree, in violation of N.Y. Penal Law § 220.03.  Defs. 56.1 ¶ 10.  He was apparently not given a ticket or summons for his traffic violations—i.e., for driving through a red light or driving with an inoperable brake light.  Pl. Opp'n at 2.  On December 21, 2016, Plaintiff's criminal case was "dismissed as covered" by his guilty plea and sentencing in a separate criminal case.  Defs. 56.1 ¶ 12.

Plaintiff filed the instant action on July 10, 2018, Dkt 2, and on June 18, 2019, he filed an amended complaint—the operative complaint, Dkt. 31.  Following the close of discovery, on February 10, 2020, Defendants filed a motion for summary judgment.  Dkt. 53.  Plaintiff filed two documents in opposition to Defendants' motion on February 25, 2020, *see* Dkts. 57, 58, and Defendants filed their reply on March 26, 2020, Dkt. 59.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 authorizes a court to grant summary judgment if the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and it is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* (citations omitted).  To survive summary judgment, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and "may not rely on conclusory allegations or unsubstantiated speculation."  *Bermudez v. City of New York*, 790 F.3d 368, 374 (2d Cir. 2015) (internal quotation marks and citation omitted).  The moving party has the initial burden of demonstrating that no genuine issue of material fact exists.  *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  If it satisfies this burden, "the opposing

party must come forward with specific evidence demonstrating the existence of a genuine dispute

of material fact." *Id*. "However, when the burden of proof at trial would fall on the nonmoving

party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of

fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must

come forward with admissible evidence sufficient to raise a genuine issue of fact for trial." *CILP*

*Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alterations,

internal quotation marks, and citation omitted).

In deciding a motion for summary judgment, the Court must "construe the facts in the light

most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable

inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation

omitted). Moreover, "[i]t is well established that a court is ordinarily obligated to afford a special

solicitude to *pro se* litigants, . . . particularly where motions for summary judgment are concerned."

*Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (per curiam) (internal quotation marks and

citations omitted). Thus, "[c]ourts read the pleadings, briefs, and opposition papers of pro se

litigants 'liberally and interpret them to raise the strongest arguments that they suggest.'" *Rivera*

*v. Goulart*, No. 15-CV-2197 (VSB), 2018 WL 4609106, at *2 (S.D.N.Y. Sept. 25, 2018) (quoting

*McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Accordingly, the Court applies the

liberal standard afforded to *pro se* litigants to Plaintiff's submissions.

## DISCUSSION

### I.      Claims Against the NYPD and the City

As an initial matter, Plaintiff's claims against the NYPD must be dismissed because "the

NYPD is a non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Xu v. City of New York*, No. 18-CV-1222 (RA), 2020 WL 2088301, at *3

(S.D.N.Y. Apr. 30, 2020) ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") (quoting N.Y.C. Charter ch. 17 § 396).

Plaintiff's claims against the City must also be dismissed because Plaintiff has not alleged any facts supporting municipal liability. It is well-established that municipalities cannot be liable merely because they employ a tortfeasor. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Instead, a government body may be liable for a violation of Section 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks and citation omitted). A claim for municipal liability under Section 1983 thus requires a plaintiff to "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). Because Plaintiff has not alleged—nor set forth any evidence—supporting a claim for municipal liability, his Section 1983 claims against the City must be dismissed.

## II.       Plaintiff's False Arrest Claim

A false arrest claim under Section 1983 "incorporates the elements of the state law where the arrest took place"—here, New York. *Youngblood v. City of New York*, No. 15-CV-3541 (RA), 2019 WL 6216498, at *5 (S.D.N.Y. Nov. 21, 2019). To prevail on a claim for false arrest under New York law, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citation omitted).

"[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *see also Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) ("The existence of probable cause to arrest—even for a crime other than the one identified by the arresting officer—will defeat a claim of false arrest under the Fourth Amendment.") (citing *Devenpeck v. Alford*, 543 U.S. 146, 152-54 (2004)).  Probable cause exists where the officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'"  *United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008) (internal quotation marks and citation omitted).  As the Second Circuit has emphasized, the standard is a "fluid" one "that 'does not demand hard certainties or mechanistic inquiries'; nor does it 'demand that an officer's good-faith belief that some suspect has committed or is committing a crime be correct or more likely true than false.'"  *Figueroa*, 825 F.3d at 99 (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 389, 390 (2d Cir. 2013)).  "Rather, it requires only facts establishing 'the kind of fair probability' on which a 'reasonable and prudent' person, as opposed to a 'legal technician[ ],' would rely."  *Id.* (quoting *Florida v. Harris*, 568 U.S. 237, 244 (2013)).  When determining whether probable cause exists, courts must "look to the totality of the circumstances," *Brown v. City of New York*, No. 12-CV-3146 (LTS) (GWG), 2014 WL 5089748, at *4 (S.D.N.Y. Sept. 30, 2014), and must "consider those facts available to the officer at the time of the arrest and immediately before it," *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (emphasis and citation omitted).  Moreover, "[t]he arresting officer need not have had probable cause to arrest the plaintiff for the specific offense invoked by the officer at the time of the arrest, or the offense with which the plaintiff was charged." *Tompkins v. City of New York*, 50 F. Supp. 3d 426, 433 (S.D.N.Y. 2014) (citing *Devenpeck*, 543 U.S. at 153, and *Jaegly*, 439 F.3d at 154).

"As long as there was probable cause to arrest the plaintiff for *any* offense—even a minor traffic violation—a false arrest claim will fail." *Id.*

Here, Defendants had probable cause to arrest Plaintiff for running a red light, in violation of N.Y. Veh. & Traf. Law § 1111(d)(1), operating a vehicle with an inoperable brake light, in violation of N.Y. Veh. & Traf. Law § 375(40)(b), and criminal possession of a controlled substance in the seventh degree, in violation of N.Y. Penal Law § 220.03.  First, it is undisputed that Plaintiff was driving with an inoperable brake light at the time of the stop.  *See* Defs. 56.1 ¶ 5; Pl. Opp'n at 1.  Second, the evidence in the record establishes that the officers pulled Plaintiff over because he drove through a red light.  *See* Kalmbach Decl. Ex. A (Arrest Report), Dkt. 55-1, at 1 ("Defendant was observed driving through a steady red light.").  Although Plaintiff claims not to recall the color of the traffic light when he drove through the intersection, *see* Kalmbach Decl. Ex. B (Pl. Tr.), Dkt. 55-2, at 26:4-8, he does not deny that the light was red at the time—let alone offer evidence to contradict Defendants' claim—and "a party's failure to remember . . . is not sufficient to create a genuine issue of material fact" for purposes of summary judgment.  *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 414 (S.D.N.Y. 2007), *subsequently aff'd,* 328 F. App'x 56 (2d Cir. 2009); *see also Kennedy v. City of New York*, 570 F. App'x 83, 84-85 (2d Cir. 2014) (plaintiff's testimony that he was "unable to remember whether he encountered any red lights before being pulled over" was "not sufficient to contradict [officer's] testimony [that he saw plaintiff run a red light], or to raise a genuine dispute of fact"); *Faruki v. City of New York*, No. 10 Civ. 9614 (LAP), 2012 WL 1085533, at *5 (S.D.N.Y. Mar. 30, 2012), *aff'd,* 517 F. App'x 1 (2d Cir. 2013) ("Plaintiff's statement that she did not recall whether Defendants asked her to leave the store is insufficient to create a genuine dispute on that material issue.").

It is well established that "[u]nder New York state law, a police officer may arrest a person

who has committed a traffic infraction." *Noel v. Cty. of Nassau*, No. 11-CV-5370 (JS) (ARL), 2015 WL 541461, at *7 (E.D.N.Y. Feb. 7, 2015). In particular, Section 140.10(1)(a) of the New York Criminal Procedure Law provides that a police officer may arrest a person without a warrant for "[a]ny offense when [the officer] has reasonable cause to believe that such person has committed such offense in [the officer's] presence," and Section 155 of the New York Vehicle and Traffic Law provides that "[f]or purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense." Plaintiff's traffic infractions of driving through a red light and driving with an inoperable brake light constitute traffic offenses that can serve as the basis for a lawful arrest. *See United States v. Scopo*, 19 F.3d 777, 785 (2d Cir. 1994) ("Under New York State law, it is clear that a traffic offense can be a basis for an arrest."); *see also Roper v. City of New York*, No. 15 Civ. 8899 (PAE), 2017 WL 2483813, at *4 (S.D.N.Y. June 7, 2017) ("Under New York law, a traffic infraction is defined as a 'petty offense,' . . . and a police officer may arrest a person for a 'petty offense' without a warrant when the officer has probable cause to believe that the person has committed the offense[.]") (citations omitted). Defendants therefore had probable cause to arrest Plaintiff for these traffic violations. That Plaintiff was not ultimately arrested for either traffic violation—nor given a "ticket" or "summons," *see* Pl. Mot. at 2; Pl. Opp'n at 2—does not change the probable cause analysis. *See Clark v. Sikorski*, No. 16-CV-7744 (PKC), 2020 WL 469427, at *5 (S.D.N.Y. Jan. 29, 2020); *Tompkins*, 50 F. Supp. at 433.

Defendants also had probable cause to arrest Plaintiff for criminal possession of a controlled substance. Pursuant to Section 220.03 of the New York Penal Law, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance[.]" The Penal Law defines "controlled substance"

as "any substance listed in schedule I, II, III, IV or V of [§ 3306] of the public health law," other

than marijuana, *see* N.Y. Penal Law § 220.00(5), and Section 3306 of the New York Public Health

Law, in turn, lists cocaine as a Schedule II substance.  *See* N.Y. Pub. Health Law § 3306, Schedule

II(b)(4); *see also United States v. Goode*, No. 16-CR-00529-01 (NSR), 2018 WL 6698676, at *7

(S.D.N.Y. Dec. 20, 2018) (explaining that "the presence of cocaine was enough to trigger New

York State criminal laws").  Based on the evidence in the record, at the time Defendants pulled

Plaintiff over, Plaintiff had a "pipe containing crack cocaine" in his car, which Defendant Mills

observed "in plain view."  *See* Defs. 56.1 ¶ 6; *see also* Kalmbach Decl. Ex. A (Arrest Report) at 1

("Upon stop of vehicle [controlled substance] was found in plain view inside of the vehicle.");

Kalmbach Decl. Ex. C (Criminal Court Complaint) at 1 ("I took one pipe containing crack cocaine

from the center console of the vehicle the defendant was driving.").  As Plaintiff admits that he

owned the vehicle and was driving alone at the time of the stop, *see* Pl. Opp'n at 1; Kalmbach

Decl. Ex. B (Pl. Tr.) at 15:10-14, 17:6-19—and based on Defendant Mills' undisputed observation

of the pipe in plain view—Defendants had probable cause to arrest Plaintiff for criminal possession

of a controlled substance at the time of the arrest.[2]

Because they had probable cause to arrest Plaintiff, Defendants are entitled to summary

judgment on Plaintiff's false arrest claim.

### III.    Plaintiff's Malicious Prosecution Claim

To prevail on a malicious prosecution claim under Section 1983, a plaintiff must establish

the elements of malicious prosecution under New York state law, and must also show that his

---

[2] That Plaintiff claims not to recall whether the officers actually found a pipe in his car, or whether there was in fact a pipe or any drugs in his car at the time of the stop, *see* Kalmbach Decl. Ex. B (Pl. Tr.) at 34:22-35:2, does not create a genuine issue of material fact.  *See Kennedy*, 570 F. App'x at 84-85.  To the contrary, the record establishes that Defendants recovered a pipe containing crack cocaine from his car, and Plaintiff has not come forward with any evidence to contradict that record.

Fourth Amendment rights were violated.  *See Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010).  To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).  The plaintiff bears the burden of establishing these four elements of a malicious prosecution claim.  *See Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004).  As noted, in addition to these elements, the plaintiff must also establish "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

Like a false arrest claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino*, 331 F.3d at 72.  "Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and the initiation of the prosecution, 'the groundless nature of the charges [is] made apparent by the discovery of some intervening fact.'" *Smith v. Tobon*, 529 F. App'x 36, 38 (2d Cir. 2013) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)); *see also Brown*, 2014 WL 5089748, at *8 ("The determination of probable cause in the context of malicious prosecution is essentially the same as for false arrest, except that a claim for malicious prosecution must be evaluated in light of the facts known or believed at the time the prosecution is initiated, rather than at the time of arrest.") (alterations, internal quotation marks, and citation omitted).  As the Court has concluded that Defendants had probable cause to arrest Plaintiff at the time of the arrest—and Plaintiff has not set forth any evidence tending to show that, between the time of his arrest and the initiation of his prosecution, Defendants learned of any intervening fact that could eliminate

probable cause—his malicious prosecution claim fails. *See Hart v. City of New York*, No. 11 Civ. 4678 (RA), 2013 WL 6139648, at *6 (S.D.N.Y. Nov. 18, 2013).

Defendants contend that Plaintiff's malicious prosecution claim also fails because he cannot establish that "the termination of the charges against him affirmatively indicates his innocence," Defs. Mot., Dkt. 56, at 9, or that "any defendant acted with actual malice," *id.* at 11. The Court agrees.  The Second Circuit has explained that, to prove the second element of a malicious prosecution claim—the "termination of the proceeding in plaintiff's favor"—a plaintiff must establish that "the termination of the prosecution[] against him affirmatively indicated his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018).  "Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002).  Here, the transcript of the December 21, 2016 Criminal Court hearing establishes that Plaintiff's criminal prosecution was "dismissed as covered" by his guilty plea and sentencing in a separate criminal case.  *See* Defs. 56.1 ¶ 12; *see also* Kalmbach Decl. Ex. F (Dec. 21, 2016 Tr.), Dkt. 55-6, at 3.  Plaintiff has the burden of proving that this dismissal "affirmatively indicated his innocence," and has failed to satisfy that burden.  *See McKenzie v. City of New York*, No. 17 Civ. 4899 (PAE), 2019 WL 3288267, at *15 (S.D.N.Y. July 22, 2019) ("[W]here a dismissal in the interest of justice leaves the question of guilt or innocence unanswered . . . it cannot provide the favorable termination required as the basis for a claim of malicious prosecution.") (quoting *Lanning*, 908 F.3d at 28-29) (internal quotation marks omitted); *Brown*, 2014 WL 5089748, at *3, 8 (granting summary judgment to defendants where the charges were "dismissed as covered" by plaintiff's conviction and sentencing in another case, which was an outcome "not indicative of Plaintiff's innocence of

the dismissed charges").

Finally, to establish malice in this context, a plaintiff must demonstrate that the defendant "commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Dufort v. City of New York*, 874 F.3d 338, 353 (2d Cir. 2017) (citation omitted); *see Lowth*, 82 F.3d at 573 ("Under New York law, malice does not have to be actual spite or hatred, but means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.") (internal quotation marks and citation omitted). Moreover, "malice may only be inferred where probable cause to initiate a proceeding is totally lacking." *Quezada v. Bakraqi*, No. 15-CV-10105 (VEC) (BCM), 2017 WL 4286646, at *13 (S.D.N.Y. Sept. 6, 2017), *report and recommendation adopted,* 2017 WL 4296787 (S.D.N.Y. Sept. 26, 2017) (citation omitted). Plaintiff has failed to submit evidence demonstrating that any of the Defendants acted with an improper purpose. *See Willis v. City of New York*, No. 12-CV-5259 (RA), 2015 WL 556884, at *8 (S.D.N.Y. Feb. 9, 2015). Nor can the Court draw an inference that any Defendant acted with malice. For these reasons, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

## IV.   Plaintiff's Unlawful Stop and Search Claims

### A.  Unlawful Stop

Next, Plaintiff's unlawful stop claim fails because "at a minimum, there was reasonable suspicion to stop and question him" at the time Defendants pulled him over. *See* Defs. Mot. at 11.

"The temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the Fourth Amendment." *United States v. Swindle*, 407 F.3d 562, 566 (2d Cir.

12

2005) (quoting *Whren v. United States*, 517 U.S. 806, 809-10 (1996)) (alterations omitted).  "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances."  *Id.* (quoting *Whren*, 517 U.S. at 810).  As such, "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."  *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).  "Reasonable suspicion requires more than an inchoate and unparticularized suspicion or hunch. . . . Police must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion on a citizen's liberty interest."  *United States v. Elmore*, 482 F.3d 172, 178-79 (2d Cir. 2007) (internal quotation marks and citations omitted).  Moreover, "[l]ike probable cause, reasonable suspicion is determined based on the totality of the circumstances but the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard."  *Id.* at 179 (internal quotation marks and citation omitted).

As relevant here, "reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop."  *United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009).  Based on the record before the Court, Defendants had reasonable suspicion that Plaintiff had committed two traffic violations when they pulled him over.  At the very least, Plaintiff admits that he was driving with an inoperable brake light at the time, *see* Pl. Opp'n at 1, which constitutes a violation of N.Y. Veh. & Traf. Law § 375(40)(b).  Further, based on the evidence in the record, Defendants also had reasonable suspicion to stop Plaintiff's car because they observed him drive through a red light, in violation of N.Y. Veh. & Traf. Law § 1111(d)(1).  Plaintiff therefore cannot sustain an unlawful stop claim against

Defendants.

**B. Unlawful Searches**

Pursuant to Section 1983, a plaintiff may also recover for an unreasonable search that violates the Fourth Amendment. *See Serrano v. City of New York*, No. 16 Civ. 8105 (AKH), 2018 WL 3392869, at *8 (S.D.N.Y. July 12, 2018), *aff'd,* 793 F. App'x 29 (2d Cir. 2019). "However, officers are generally permitted to conduct reasonable searches incident to a lawful arrest." *Id.* (citing *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). Accordingly, if there was probable cause to support Plaintiff's arrest, any reasonable search incident to his arrest was also lawful. *See id.*; *see also Guerrero v. City of New York*, No. 12 Civ. 2916, 2013 WL 673872, at *4 n.3 (S.D.N.Y. Feb. 25, 2013) ("[T]o the extent that [plaintiff] is basing his § 1983 claim on an allegedly unreasonable search, . . . this claim fails as well, because a search incident to a lawful arrest is *per se* reasonable."); *Moore v. Hearle*, 639 F. Supp. 2d 352, 356 (S.D.N.Y. 2009) ("Generally, officers are justified in conducting searches incident to a lawful arrest in order to ensure the safety of officers as well as to prevent the destruction of evidence.").

This principle applies not just to a search of Plaintiff's person, but also to his vehicle. *See Davis v. United States*, 564 U.S. 229, 234-35 (2011) ("[A]n automobile search incident to a recent occupant's arrest is constitutional . . . if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest.'") (quoting *Gant*, 556 U.S. at 343). "As long as such a reasonable belief exists, this exception applies even after the arrestee has been secured and cannot access the interior of the vehicle." *Edwards v. Castro*, No. 16-CV-2383 (KMK), 2018 WL 4680996, at *11 (S.D.N.Y. Sept. 28, 2018) (internal quotation marks and citation omitted). Notably, "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Gant*, 556 U.S. at 344. And, "a search incident to

an arrest may take place before the arrest itself 'as long as probable cause to arrest existed at the time of the search.'" *United States v. Diaz*, 122 F. Supp. 3d 165, 171 (S.D.N.Y. 2015), *aff'd,* 854 F.3d 197 (2d Cir. 2017) (quoting *United States v. Jenkins*, 496 F.2d 57, 72-73 (2d Cir. 1974)). Whether the search of Plaintiff's person and vehicle was lawful thus turns on whether there was probable cause to arrest him at the time of the searches. *See Serrano*, 2018 WL 3392869, at *8. Because the Court has found that there was probable cause to arrest Plaintiff, it follows that the searches of his person and his vehicle were lawful incident to that arrest.

In addition, Defendants also had probable cause to search Plaintiff's vehicle under the "automobile" exception to the Fourth Amendment.  "The 'automobile exception' permits law enforcement officers to search without a warrant 'a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband.'" *United States v. Babilonia*, 854 F.3d 163, 178 (2d Cir. 2017) (quoting *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010)).  When the exception applies, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)). "Probable cause to conduct a search exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that evidence of a crime will be found in the place to be searched." *United States v. Wilson*, 699 F.3d 235, 245 (2d Cir. 2012) (quoting *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004)) (internal quotation marks omitted).  Where the probable cause "extends to the entire vehicle, the permissible scope of a search pursuant to this exception includes every part of the vehicle and its contents including all containers and packages that may conceal the object of the search." *Navas*, 597 F.3d at 497 (quoting *United States v. Harwood*, 998 F.2d 91, 96 (2d Cir. 1993)) (internal quotation marks and alterations omitted).

To support a warrantless search pursuant to the automobile exception, there need only be a "fair probability" that "contraband or evidence of a crime will be found." *Gaskin*, 364 F.3d at 457 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).   "Further, courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." *Id.*   In light of the Court's conclusion that there was probable cause to arrest Plaintiff for criminal possession of a controlled substance based on Defendant Mills' observation of crack cocaine inside the car, "it was certainly reasonable to believe that the car contained additional 'evidence relevant to the crime of arrest,' and thus, [the officers] were authorized to search it and any containers therein." *Edwards*, 2018 WL 4680996, at *11; *see also, e.g.*, *United States v. Faison*, No. 15 Cr. 186 (PGG), 2015 WL 5915964, at *7 (S.D.N.Y. Oct. 8, 2015) ("[T]he offense of arrest—marijuana possession—'suppl[ied] a basis for searching the passenger compartment of [defendant's] vehicle and any containers therein.'") (citation omitted); *United States v. Foreman*, 993 F. Supp. 186, 190 (S.D.N.Y. 1998) ("[T]he police were also permitted to contemporaneously conduct a warrantless search of [defendant's] automobile and the passenger compartment as a search incident to a lawful arrest.").   Despite the fact that Plaintiff may not have consented to the search of his vehicle, *see* Pl. Mot. at 2; Pl. Opp'n at 1, such a search was nonetheless lawful.  *See, e.g.*, *United States v. Villanueva*, 32 F. Supp. 2d 635, 637 n.2 (S.D.N.Y. 1998).   In sum, Plaintiff cannot sustain an unlawful search claim against Defendants.   Defendants are therefore entitled to summary judgment as a matter of law as to Plaintiff's unlawful stop and search claims.[3]

---

[3] Because the Court concludes that Defendants are entitled to summary judgment on all of Plaintiff's claims, the Court does not address Defendants' arguments as to qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, terminate the motion pending at Dkt. 53, and close this case. Defendants are directed to mail a copy of this Order to Plaintiff and file proof of service on the docket.

SO ORDERED.

Dated:   May 26, 2020
         New York, New York

Ronnie Abrams
United States District Judge